KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0327BEN |
| | ) | |
| Plaintiff, | ) | DATE: April 7, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | Before Honorable Roger T. Benitez |
| | ) | |
| FIDEL GONZALEZ-SANTIAGO, | ) | UNITED STATES' MOTIONS FOR: |
| | ) | |
| Defendant(s). | ) | (1) RECIPROCAL DISCOVERY |
| | ) | (2) FINGERPRINT EXEMPLARS; AND |
| | ) | (3) LEAVE TO FILE FURTHER MOTIONS |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby files its Motions in the above-referenced case. Said Motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: March 24, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | AARON B. CLARK |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. 239764 |
| | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6787/(619) 235-2757 (Fax) |
| | Email: aaron.clark@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0327BEN |
| Plaintiff, | DATE: April 7, 2008 |
| | TIME: 2:00 p.m. |
| v. | Before Honorable Roger T. Benitez |
| FIDEL GONZALEZ-SANTIAGO, | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendant(s). | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Fidel Gonzalez-Santiago (hereinafter "Defendant"), was charged by a grand jury on February 13, 2008 with violating Title 8 U.S.C. 1326(a) and (b), Deported Alien Found In the United States. Defendant was arraigned on the Indictment on February 21, 2008, and entered a plea of not guilty.

//

//

//

//

3

**II**

**STATEMENT OF FACTS**

**A.    IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported by an administrative officer on February 26, 2007. Defendant's was subsequently removed from the United States on November 1, 2007 through the San Ysidro, California Port of Entry.

**B.    RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 9/12/06 | CASC Orange County | HS 11378 – Poss. Controlled Sub. For Sale | 2 years |
| 6/6/06 | CASC Orange County | HS 11550(a) - Under Influence of a Controlled Sub. (M) | 90 days |
|  |  | VC 12500 - Drive Without a License | 10 days |
| 3/7/06 | CASC Orange County | PC 653k – Possess/Sell Switchblade (M) | 90 days |
| 12/7/05 | CASC Orange County | HS 11377(a) - Possess Controlled Sub. | 180 days |
| 8/26/05 | CASC Orange County | PC 12020(a)(1) – Man./Sell Dangerous Weapon (M) | 60 days |
| 4/26/05 | CASC Orange County | PC 12020(a)(1) – Man./Sell Dangerous Weapon (M) | 10 days |

**C.    INSTANT OFFENSE**

On December 13, 2007, at approximately 10:20 a.m., Border Patrol agents Cary Caballero and Chris Jacobs responded to a seismic sensor activation in an area located approximately one mile west of the Tecate, California, Port of Entry and approximately one and a half miles north of the border between the United States and Mexico. After hiking down into the canyon, the agents

4

1  noticed some sneaker prints and ultimately located two individuals, one of whom was Defendant,
2  hiding in the canyon. Upon questioning, Defendant there admitted to agents that he was a Mexican
3  citizen without documents to be in the United States legally. Defendant was subsequently arrested
4  and transported to the Brown Field Station for processing.

5  Defendant was subsequently advised of his <u>Miranda</u> rights and made the following
6  statements: Defendant admitted that he had been deported form the United States on November
7  1, 2007, that he is a citizen of Mexico, and that he was born in Acapulco, Guerrero, Mexico. He
8  also admitted to his criminal record and that he has never possessed valid immigration documents
9  allowing him to be in the United States legally. Defendant further stated that he crossed into the
10 United States the night before by walking through the mountains.

### III

### **MOTION FOR RECIPROCAL DISCOVERY**

13 The United States hereby moves for reciprocal discovery from Defendant. To date
14 Defendant has not provided any. The United States, pursuant to Rule 16 of the Federal Rules of
15 Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and
16 photograph any and all books, papers, documents, photographs, tangible objects, or make copies
17 of portions thereof, which are within the possession, custody or control of Defendant and which
18 Defendant intends to introduce as evidence in his case-in-chief at trial.

19 The United States further requests that it be permitted to inspect and copy or photograph
20 any results or reports of physical or mental examinations and of scientific tests or experiments
21 made in connection with this case, which are in the possession or control of Defendant, which
22 Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a
23 witness whom Defendant intends to call as a witness. Because the United States will comply with
24 Defendants' requests for delivery of reports of examinations, the United States is entitled to the
25 items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The
26 Government also requests a written summary of the names, anticipated testimony, and bases for

1  opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the
2  Federal Rules of Evidence.
3      The United States also requests that the Court make such order as it deems necessary under
4  Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.
5      In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production
6  of prior statements of all witnesses, except a statement made by defendant. This rule thus provides
7  for the reciprocal production of Jencks statements. The time frame established by the rule requires
8  the statement to be provided after the witness has testified. To expedite trial proceedings, the
9  United States hereby requests that Defendant be ordered to supply all prior statements of defense
10 witnesses by a reasonable date before trial to be set by the Court. Such an order should include
11 any form in which these statements are memorialized, including but not limited to, tape recordings,
12 handwritten or typed notes and/or reports.

## IV

## MOTION FOR FINGERPRINT EXEMPLARS

15     As part of its burden of proof at trial, the Government must prove beyond a reasonable
16 doubt that Defendant is the same person who was previously deported from the United States.
17 Defendant's warrants of deportation and related documents bear fingerprints to verify his
18 identity. In order to meet our burden of proof, the United States anticipates calling a certified
19 fingerprint examiner to obtain fingerprint exemplars from Defendant and compare those with
20 the fingerprints on the immigration documents.
21     Defendant has no privilege against providing fingerprint exemplars. The Fifth
22 Amendment privilege is limited to communications or testimonial evidence. Schmerber v.
23 California, 384 U.S. 757, 763-64 (1966). The Government's use of identifying physical
24 characteristics, such as fingerprint exemplars, does not violate a defendant's Fifth Amendment
25 rights. See, e.g., United States v. De Palma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v.
26 United States, 397 F.2d 156 (9th Cir. 1968). Compare United States v. Jackson, 886 F.2d 838,

6

1  845 n.8 (7th Cir. 1989) ("There is no doubt that requiring a defendant to give a handwriting
2  specimen does not violate his fifth amendment privilege against self-incrimination since the
3  privilege reaches only compulsion of a defendant's communication."). Accordingly, the Court
4  should order that Defendant provide fingerprint exemplars to the Government's fingerprint
5  expert.

## V.

## LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## VI.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions for reciprocal discovery, fingerprint exemplars and leave to file further motions be granted.

DATED: March 24, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney


s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>FIDEL GONZALEZ-SANTIAGO,<br><br>Defendant(s). | Case No. 08CR0327-BEN<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

     I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     1. Christian De Olivas, Esq.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on March 24, 2008.

                                                                        s/ Aaron B. Clark<br>
                                                                        AARON B. CLARK